# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

MARIE COLEMAN                                                    PLAINTIFF

V.                      CASE NO. 2:19-CV-26-BSM-BD

ANDREW SAUL, Commissioner,
Social Security Administration[1]                           DEFENDANT

## RECOMMENDED DISPOSITION

This Recommendation has been sent to Judge Brian S. Miller. Either party may file objections if they disagree with the findings or conclusions set out in this Recommendation. If objections are filed, they should be specific and should include the factual or legal basis for the objection.

To be considered, objections must be received in the office of the Court Clerk within 14 days. If parties do not file objections, Judge Miller can adopt this Recommendation without independently reviewing the record. By not objecting, parties may also waive the right to appeal questions of fact.

## I. Introduction:

On April 14, 2013, Marie Coleman applied for disability benefits, alleging disability beginning April 30, 2007. (Tr. at 18) Her claims were denied both initially and upon reconsideration. *Id.* After conducting a hearing, the Administrative Law Judge

---

[1] On June 6, 2019, Andrew Saul became Commissioner of the Social Security Administration. He is substituted, therefore, as the Defendant. Fed. R. Civ. P. 25(d)

(ALJ) denied Ms. Coleman's application. *Id*. She requested that the Appeals Council review the ALJ's decision, but that request was denied. (Tr. at 1)

Ms. Coleman filed a complaint in the United States District Court for the Eastern District of Arkansas to appeal the denial of benefits. (Tr. at 466-469). The District Court remanded the case for further analysis of Ms. Coleman's subjective complaints. *Id*. A second hearing was held, after which the ALJ again denied Ms. Coleman's disability claim.[2] (Tr. at 18-30) The Appeals Council upheld the ALJ's decision. (Tr. at 359-362) Therefore, the ALJ's decision now stands as the final decision of the Commissioner. Ms. Coleman filed this case seeking judicial review of the decision denying her benefits.

## II.  The Commissioner's Decision:

The ALJ found that Ms. Coleman had not engaged in substantial gainful activity during the relevant time period, *i.e.*, September 30, 2010 through September 30, 2012. (Tr. at 372) At step two of the five-step analysis, the ALJ found that Ms. Coleman had the following severe impairments: irritable bowel syndrome, gastroesophageal reflux disease, thoracic scoliosis, obesity, fibromyalgia, gastroparesis, hand tremors, and depression with anxiety. *Id*.

After finding that Ms. Coleman's impairments did not meet or equal a listed impairment (Tr. at 372), the ALJ determined that Ms. Coleman had the residual functional capacity (RFC) to perform work at the light level, with some additional limitations: (1) she could frequently handle and finger; (2) she could occasionally stoop,

---

[2] At the hearing, Ms. Coleman amended her alleged onset date to Spetember 30, 2010. (Tr. at 370).

kneel, crouch, crawl, and overhead reach; and (3) she was limited to unskilled work. (Tr. at 374)

The ALJ found that Ms. Coleman was unable to perform any of her past relevant work. (Tr. at 379) Relying on the testimony of a Vocational Expert (VE) and after considering Ms. Coleman's age, education, work experience and RFC, the ALJ found that there were jobs in significant numbers in the national economy that she could perform, including work as storage facility rental clerk and usher. (Tr. at 380) Thus, the ALJ held that Ms. Coleman was not disabled. *Id.*

### III. <u>Discussion</u>:

    A.   Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and assure that the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (*citing Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). Stated another way, the decision must rest on enough evidence that "a reasonable mind would find it adequate to support [the] conclusion." *Halverson*, 600 F.3d at 929. The Court will not reverse the decision, however, solely because there is evidence to support a conclusion different from that reached by the Commissioner. *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006).

B.  Ms. Coleman's Arguments on Appeal

Ms. Coleman maintains that the evidence supporting the ALJ's decision to deny benefits is less than substantial. She asserts that the assigned RFC outstripped her functional capacity and that the ALJ should have afforded more weight to the medical opinion of Sudesh Banaji, M.D. After reviewing the record as a whole, the Court concludes that the ALJ did not err in denying benefits.

Only after the end of the relevant time period did Ms. Coleman have a positive test result for fibromyalgia. (Tr. at 426) She did not have a tender point evaluation during the relevant time period; and she reported that her condition was under control. (Tr. at 412, 428)

Ms. Coleman had gastroesophageal symptoms including nausea and vomiting; but her 2008 colonoscopy was normal. (Tr. at 323-326) She was treated conservatively with medication, and her irritable bowel syndrome was controlled in 2010. (Tr. at 279) Impairments that are controllable or amenable to treatment do not support a finding of total disability. *Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000). Her doctor suggested a healthy diet to combat symptoms.

Ms. Coleman also complained of hand tremors, but she did not require treatment for this condition. A brain MRI revealed normal results. (Tr. at 314) She discontinued Raglan, a medication that could cause tremors. (Tr. at 376)

Ms. Coleman never sought specialized psychiatric treatment for depression or anxiety; and the failure to seek regular and continuing treatment contradicts allegations of disability. *See Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997). Her activities included visiting with family and friends and attending church. (Tr. at 180-190) She could prepare meals, do laundry, and shop in stores. *Id*. Daily activities such as these undermine her claims of disability. *Shannon v. Chater*, 54 F.3d 484, 487 (8th Cir. 1995). She has not come forward with evidence to show that her mental impairments were disabling.

Ms. Coleman contends the RFC assigned by the ALJ requires her to perform beyond her ability. A claimant's RFC reflects the most she can do despite the combined effects of all of her credible limitations; and it must be based on all credible evidence. *McCoy v. Astrue*, 648 F.3d 605, 614 (8th Cir. 2011). In determining a claimant's RFC, the ALJ has a duty to establish, by competent medical evidence, the physical and mental activity that the claimant could perform in a work setting, after giving appropriate consideration to all impairments, both severe and non-severe. *Ostronski v. Chater*, 94 F.3d 413, 418 (8th Cir. 1996). The ALJ considered and discussed mild objective findings, conservative treatment, limited evidence of medical treatment during the relevant time period, and positive response to treatment. The RFC was supported by the record; and it incorporated all of Ms. Coleman's credible limitations.

Dr. Banaji completed a medical source statement on June 23, 2017, five years after the end of the relevant time period. (Tr. at 609-610) He opined that Ms. Coleman could not perform even sedentary work; she would need unscheduled bathroom breaks; and she would miss more than three days of work per month. *Id.* He said his opinion pertained to her condition from 2007 through 2012. *Id*. Dr. Banaji's opinion, however, was expressed on a short, check-box form with little elaboration. *Id*. He did not cite to objective medical evidence. *Id.* And, he did not reference any more than conservative care for Ms. Coleman's conditions. *Id.* A check-box form has little evidentiary value when it cites to no medical evidence and provides little or no elaboration. *Anderson v. Astrue*, 696 F.3d 790, 794 (8th Cir. 2012). The ALJ properly gave Dr. Banaji's opinion little weight, especially in the face of state-agency medical opinions finding Ms. Coleman capable of light work. (Tr. at 378-379)

## IV. Conclusion:

There is substantial evidence to support the Commissioner's decision that Ms. Coleman was not disabled. The RFC incorporated all of Ms. Coleman's limitations; and the ALJ properly discounted the opinion of Dr. Banaji. The decision, therefore, should be affirmed, and the case should be dismissed, with prejudice.

DATED this 8th day of April, 2020.

_____
UNITED STATES MAGISTRATE JUDGE